| | |
|---|---|
| **QINGDAO TRANSAMERICA TIRE INDUSTRIAL CO., LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant.** | **IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**<br><br>**Court No. 1:26-cv-03939**<br><br>**Before: _______________,**<br>**Judge** |

# COMPLAINT

Plaintiff Qingdao Transamerica Tire Industrial Co., Ltd. ("Plaintiff" or "Qingdao Transamerica"), by and through its undersigned counsel, brings this action pursuant to section 516A of the Tariff Act of 1930, as amended, and alleges as follows:

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff seeks review of the final results of the administrative review of antidumping duty order A-570-106 on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China ("China") for the period of review from August 1, 2023 through July 31, 2024 issued by the International Trade Administration ("ITA") of the U.S. Department of Commerce ("Commerce"). The final results of the antidumping duty administrative review were published on August 14, 2026. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2023-2024,* 91 Fed. Reg. 52668 (August 14, 2026) ("Final Results").

## JURISDICTION

2. This action is filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) to contest a determination described in 19 U.S.C. § 1516a(a)(2)(B)(iii). This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

3. Plaintiff Qingdao Transamerica Tire Industrial Co., Ltd. ("Qingdao Transamerica") is a foreign exporter of merchandise subject to the determination being challenged in this action. Plaintiff is an interested party within the meaning of 19 USC §§ 1677(9)(A) and 1516a(f)(3), and 28 USC §2631(k)(1). Plaintiff actively participated in the administrative review conducted by Commerce and therefore has standing to commence this action pursuant to 19 USC § 1516a(d) and 28 USC §2631(c).

## TIMELINESS OF ACTION

4. This action is timely commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and 28 U.S.C. § 2636(c). Commerce published the Final Results in the *Federal Register* on August 14, 2026. Plaintiff filed its summons within 30 days after publication of the Final Results and is filing this Complaint within 30 days after filing the summons.

## STATEMENT OF THE CASE

5. On August 10, 2015, Commerce published the antidumping duty order on Certain Passenger and Light Truck Tires from the People's Republic of China. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Order; and*

*Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order,* 80 Fed. Reg. 47902 (August 10, 2015) ("Order").

6. On September 20, 2024, Commerce initiated an administrative review of the Order covering the period of review August 1, 2023, through July 31, 2024. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 89 Fed. Reg. 77,079 (Sept. 20, 2024) .
7. Commerce selected Plaintiff as a mandatory respondent in the administrative review.
8. During the administrative review, Plaintiff timely responded to Commerce's requests for information and submitted information and arguments concerning its merchandise, factors of production, surrogate values, etc.
9. On August 25, 2025, Plaintiff's U.S. affiliate, Transamerica Tire Co., Ltd. (hereinafter referred to as "U.S. TA"), submitted a scope ruling request to Commerce requesting a ruling that new pneumatic tires of rubber, radial, with a "LT" prefix or suffix in their sidewall markings, which are designed for off-road use, of sizes that are not listed in the light truck section of the Tire and Rim Association ("TRA") Year Book do not fall within the scope of the Order. Commerce's Final Scope Ruling dated June 24, 2026, is being separately appealed before this Court as *Transamerica Tire Co. v. United States*, Court No. 26-3355-TMR.
10. On February 11, 2026, Commerce issued the preliminary results of the administrative review. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Preliminary Results and Partial Rescission of Antidumping Duty Administrative Review; 2023-2024,* 91 Fed. Reg. 6197 (February 11, 2026) ("Preliminary Results").

Commerce preliminarily calculated a weighted-average dumping margin of 61.43 percent for Plaintiff. *Id.*

11. Following the Preliminary Results, Plaintiff timely submitted an administrative case brief identifying seven issues concerning Commerce's calculation of Plaintiff's weighted-average dumping margin and requesting that Commerce revise its calculation accordingly.

12. Among other things, Plaintiff challenged Commerce's application of adverse facts available ("AFA") to Qingdao Transamerica's credit expenses and factors of production, the values used for calculating U.S. net price and marine insurance, the use of financial statements submitted by Petitioner, and the Harmonized Tariff Schedule ("HTS") classifications for certain factors of production ("FOPs"). Plaintiff also argued for Commerce to exercise its regulatory authority to merge the administrative review with the ongoing scope inquiry.

13. Plaintiff's U.S. affiliate, U.S. TA, also filed a case brief requesting Commerce merge the administrative review with the ongoing scope inquiry.

14. Plaintiff also timely submitted a rebuttal brief addressing arguments raised by other interested parties.

15. On June 24, 2026, Commerce issued its final scope ruling on the request from U.S. TA, determining that new pneumatic tires of rubber, radial, with a "LT" prefix or suffix in their sidewall markings, which are designed for off-road use, of a size that is not listed in the light truck section of the TRA Year Book fall within the scope of the Order. Commerce's Final Scope Ruling dated June 24, 2026, is being separately appealed before this Court as *Transamerica Tire Co. v. United States*, Court No. 26-3355-TMR.

16. On August 10, 2026, Commerce issued its Final Results and accompanying Issues and Decision Memorandum. The Final Results were published in the Federal Register on August 14, 2026. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2023-2024,* 91 Fed. Reg. 52668 (August 14, 2026); Memorandum from Scot Fullerton to Christopher Abbot, *Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review of Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China; 2023-2024* (August 10, 2026) ("IDM").

17. In the Final Results, Commerce accepted (3) three of the issues raised by Plaintiff and revised its calculations accordingly. As a result of those revisions, Commerce calculated a final weighted-average dumping margin of 59.15 percent for Plaintiff, compared with the 61.43 percent margin calculated in the Preliminary Results.

18. Commerce did not accept Plaintiff's arguments concerning (1) the treatment of certain merchandise produced by Shouguang Firemax Tyre Co., Ltd. ("Firemax") and a second manufacturer as non-subject merchandise; (2) Commerce's use of AFA rather than the information submitted by the second manufacturer for the FOPs for CONNUMs for tires produced by the second manufacturer; and (3) Commerce's application of AFA to credit expenses.

19. Plaintiff now challenges these aspects of Commerce's Final Results as they are unsupported by substantial evidence on the record, unreasonable, arbitrary, capricious, and otherwise not in accordance with law as set forth below.

## <u>STATEMENT OF CLAIMS</u>

### I. COUNT I - Commerce's Treatment of Certain Merchandise as Subject Merchandise

20. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

21. In the Final Results, Commerce determined that certain merchandise produced by Firemax and constituted subject merchandise and included sales of such merchandise in its calculation of Plaintiff's weighted-average dumping margin, notwithstanding that the products were not identified in the relevant section(s) of the TRA Year Book. Commerce specifically relied upon its Final Scope Ruling dated June 24, 2026, that is being separately appealed before this Court as *Transamerica Tire Co. v. United States*, Court No. 26-3355-TMR. IDM at 10.

22. Commerce's determination to treat such merchandise as subject merchandise and include it in the calculation of Plaintiff's weighted-average dumping margin is unsupported by substantial evidence on the record, unreasonable, arbitrary, capricious, and otherwise not in accordance with law.

23. Accordingly, Plaintiff respectfully requests that the Court remand the Final Results to Commerce with instructions to reconsider its treatment of this merchandise and recalculate Plaintiff's weighted-average dumping margin consistent with the Court's decision.

## II. COUNT II - Commerce's Application of Adverse Facts Available to tires produced and supplied by the Second Manufacturer

24. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

25. Commerce improperly rejected or declined to rely upon information submitted with respect to the second manufacturer and instead applied AFA in calculating Plaintiff's weighted-average dumping margin. Commerce did so through reliance upon its Final Scope Ruling

dated June 24, 2026, that is being separately appealed before this Court as *Transamerica Tire Co. v. United States*, Court No. 26-3355. IDM at 10.

26. During the administrative proceeding, Commerce requested additional information concerning the second manufacturer's FOPs and granted Plaintiff multiple extensions of time to provide the requested information. Plaintiff cooperated with Commerce's requests and submitted the requested information to the best of its ability. Nevertheless, Commerce determined that Plaintiff had failed to timely report the FOP information for the second manufacturer and, on that basis, applied partial AFA pursuant to section 776(b) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677e(b).

27. Commerce's determination failed to adequately account for Plaintiff's efforts to comply with its requests and the information ultimately submitted on the administrative record.

28. Although Commerce may resort to facts otherwise available under 19 U.S.C. § 1677e(a) where the statutory conditions are satisfied, the application of an adverse inference under § 1677e(b)(1) requires a separate, supported finding that Plaintiff failed to cooperate by not acting to the best of its ability.

29. Commerce failed to adequately explain how Plaintiff's responses to its repeated requests, including the submission of the requested information following extensions expressly granted by Commerce, demonstrated a failure to cooperate within the meaning of § 1677e(b)(1).

30. Furthermore, Commerce failed to adequately consider whether the submitted information could be used pursuant to 19 U.S.C. § 1677m(e). Accordingly, Commerce's application of partial AFA, including its assignment of the highest non-aberrational transaction-specific margin calculated from sales of tires produced by the first manufacturer to all sales of tires

produced by the second manufacturer was unsupported by substantial evidence on the record, unreasonable, arbitrary, capricious, and otherwise not in accordance with law.

31. This Commerce action was unlawful regardless of whether this Court affirms the Final Scope Ruling dated June 24, 2026, that is being separately appealed before this Court as *Transamerica Tire Co. v. United States*, Court No. 26-3355. However, should this Court invalidate the Final Scope Ruling, Commerce's application of AFA addressed in this count would necessarily be rendered inapplicable, as AFA was applied exclusively to FOPs for control numbers ("CONNUMs") for the tires produced by the second manufacturer that are the subject of the challenged ruling. IDM at 10.

32. Accordingly, Plaintiff respectfully requests that the Court remand the Final Results to Commerce with instructions to reconsider its application of AFA with respect to the FOPs for CONNUMs for the tires produced by the second manufacturer and recalculate Plaintiff's weighted-average dumping margin consistent with the Court's decision.

## III. COUNT III - Commerce's Application of Adverse Facts Available to Credit Expense

33. Plaintiff incorporates by reference paragraphs 1 to 19 as though fully set forth herein.

34. In the Final Results, Commerce applied AFA with respect to Plaintiff's credit expenses in calculating Plaintiff's weighted-average dumping margin.

35. Commerce's application of AFA to credit expenses is unsupported by substantial evidence on the record, unreasonable, arbitrary, capricious and otherwise not in accordance with law.

36. Accordingly, Plaintiff respectfully requests that the Court remand the Final Results to Commerce with instructions to reconsider its application of AFA to credit expenses and

recalculate Plaintiff's weighted-average dumping margin without the improper application of AFA.

**PRAYER FOR RELIEF**

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests that this Court:

1) hold that Commerce's final determination in the administrative review for the period of review from August 1, 2023, through July 31, 2024, is unsupported by record evidence, unreasonable, arbitrary, capricious, and is otherwise not in accordance with law as it pertains to the points cited herein; and,
2) remand the final determination with instructions to issue a new determination to correct the errors set forth in this Complaint; and
3) provide Plaintiff such further and additional relief as this Court deems just and proper.

Dated October 13, 2026

Respectfully submitted,

**LIANG + MOONEY, PLLC**
/s/ Shanshan Liang
Shanshan Liang, Esq.
Fla. Bar No. 112991
Email:
sliang@customscourt.com
and
/s/ Johnathan Foege
Johnathan W. Foege
Florida Bar No. 1047550
Email:
jfoege@customscourt.com
2104 Delta Way, Suite #1
Tallahassee, FL 32303
Telephone: (850) 893-0670
*Counsel for Plaintiff*

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing COMPLAINT to be served upon the following persons by certified mail, return receipt requested, on this 13th day of October, 2026.

**UPON THE UNITED STATES**

Attorney-In-Charge International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Director, Civil Division Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

**UPON THE PETITIONER**

**ON BEHALF OF UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC**
Roger B. Schagrin
**Schagrin Associates**
900 7th Street, NW, Suite 500
Washington, DC 20001

**UPON U.S. DEPARTMENT OF COMMERCE**

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, NW
Washington, DC 20230

**ON BEHALF OF DYNAMIC TIRE CORP.; SHANDONG JINYU INDUSTRIAL CO., LTD.; SAILUN TIRE INTERNATIONAL CORP.; HUSKY TIRE CORP.; SEATEX PTE. LTD.; SEATEX INTERNATIONAL INC.; SAILUN TIRE AMERICAS INC., FORMERLY KNOWN AS SJI NORTH AMERICA INC.,; SAILUN GROUP (HONGKONG) CO., LIMITED., FORMERLY KNOWN AS SAILUN JINYU GROUP (HONG KONG) CO., LIMITED; SAILUN GROUP CO., LTD., FORMERLY KNOWN AS SAILUN JINYU GROUP CO., LTD.; SHANDONG LINGLONG TYRE CO., LTD.; AND QINGDAO TRANSAMERICA TIRE INDUSTRIAL CO., LTD., TRANSAMERICA TIRE CO LTD**
Brandon Petelin, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave NW Suite 650
Washington DC 20005

**ON BEHALF OF HANKOOK TIRE CHINA CO., LTD.; JIANGSU HANKOOK TIRE CO., LTD.; SUMITOMO RUBBER**

**(CHANGSHU) CO., LTD.; SUMITOMO RUBBER (HUNAN) CO., LTD.; SUMITOMO RUBBER INDUSTRIES, LTD.**

Sarah Sprinkle, Esq.

**Akin Gump Strauss Hauer & Feld LLP**

2001 K Street NW

Washington, DC 20006

**ON BEHALF OF GITI TIRE (USA) LTD., GITI TIRE GLOBAL TRADING PTE. LTD.; GITI RADIAL TIRE (ANHUI) COMPANY LTD.; GITI TIRE (FUJIAN) COMPANY LTD MATTHEW J. MCCONKEY, ESQ.**
Matthew J. McConkey, Esq.
**Mayer Brown, LLP**
1999 K Street, NW
Washington, DC 20006-1101

**ON BEHALF OF QINGDAO LAKESEA TYRE CO., LTD.; SHANDONG HAOHUA TIRE CO., LTD.; ZHAOQING JUNHONG CO., LTD.; QINGDAO FULLRUN TYRE CORP., LTD.**
Gregory Menegaz, Esq.
**The Inter-Global Trade Law Group PLLC**
1156 15th Street, NW, Suite 1101
Washington, DC 20005

**ON BEHALF OF PIRELLI TYRE CO., LTD.**
Daniel Porter, Esq.
**Pillsbury Winthrop Shaw Pittman LLP**
1200 Seventeenth Street, NW
Washington, DC 20036-3006

**ON BEHALF OF KUMHO TIRE CO., INC., KUMHO TIRE (TANJIN) CO., INC., KUMHO TIRE (CHANGCHUN) CO., INC.**
Jeffrey M. Winton
**Winton & Chapman PLLC**
1100 13th Street NW, Suite 825
Washington, DC 20005

**ON BEHALF OF JIANGSU GENERAL SCIENCE TECHNOLOGY CO., LTD., QINGDAO KETER INTERNATIONAL CO., LIMITED, SHANDONG YONGSHENG RUBBER GROUP CO., LTD.**
Lifern Dai
**Gaopeng & Partners**
7/F, Tower B, Gateway Plaza
18 Xiaguangli, Chaoyang District
Beijing 100027, China

**ON BEHALF OF TRIANGLE TYRE CO., LTD.**
Zhang Ye
**Beijing Kang Da Law Firm**
8/F, Emperor Group Centre,
No. 12D, Jianwai Avenue,
Chaoyang District,
Beijing, 100022, China

*/s/ Shanshan Liang*
Shanshan Liang, Esq